The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: February 6 2015

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 08-31969 |
| | ) | |
| Boni S. Quinn, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER GRANTING MOTION TO REOPEN

This case came before the court for hearing on Debtor's Motion to Reopen Case, [Doc. # 61], and Maumee Valley Credit Union's objection to the motion, [Doc. # 62]. Debtor, Attorney for Debtor and Attorney for Maumee Valley Credit Union appeared in person at the hearing.

Debtor wants to reopen her Chapter 7 case to commence proceedings against Maumee Valley Credit Union, alleging generally that it is in contempt of the discharge injunction entered in this case through post-petition credit card issuance and reviving discharged debt in connection therewith. Maumee Valley Credit Union argues in opposition that Debtor has not demonstrated a sufficient factual basis on the merits of her allegations to be permitted to pursue them further.

A case like this one that has been administratively closed by the Clerk may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). A decision to reopen a case is committed to the sound discretion of the court. *In re Kapsin*, 265 B.R. 778, 780 (Bankr. N.D. Ohio 2001).

Debtor enforcement of the discharge injunction is a commonly permitted cause for reopening a closed case as the goal is "to accord relief to the debtor" in redressing alleged violations by creditors. *E.g.*, *In re Schneider,* 126 B.R. 626, 628 (Bankr. M.D. Fla. 1991); *see Will v. Ford Motor Credit Co. (In re Will)*, 303 B.R. 357, 362-63 (Bankr. N.D. Ill. 2003)(adjudication of civil contempt proceeding for violation of the discharge injunction requires debtor to reopen case). Furthermore, reopening a case is generally a ministerial act that "lacks independent legal significance and determines nothing with respect to the merits of the case." *Cusano v. Klein*, 264 F.3d 936, 948 (9th Cir. 2001). The purpose of reopening is more properly understood as being to provide a procedural platform upon which to assert the merits of the issue the reopening party seeks to raise. *In re Schultz*, 509 B.R. 190, 197-98 (Bankr. N.D. Ind. 2014).

As matters involving the discharge injunction are core matters within this court's jurisdiction and authority to determine, the court will grant the motion to allow Debtor to advance her position on the merits and to accord her appropriate relief if she can prove that violations have occurred. In so doing, and in keeping with the limited purpose of case reopening, the court makes no determination of the merits of the issues she seeks to raise. If Debtor's factual position can be shown to be meritless, as Maumee Valley Credit Union asserts, there will be other procedural avenues in the reopened case to deal with that circumstance. *See, e.g.*, Fed, R. Bankr. P. 9011. The court will not, however, determine those disputed facts and whether the underlying allegations Debtor makes are completely lacking in merit in the posture of the instant motion to reopen the underlying Chapter 7 case. *Cf, Arleaux v. Arleaux*, 210 B.R. 148, 149 (8th Cir. B.A.P. 1997); *In re Smith*, 426 B.R. 435, 440 (E.D.N.Y. 2010); *In re Owsley*, 494 B.R. 321 325-26 (Bankr. E.D. Tenn. 2013). Debtor's burden to show cause for reopening does not extend that far where the relief she seek is not obviously legally or factually futile and the ultimate resolution of the dispute will depend on resolution of disputed facts.

Based on the foregoing reasons and authorities, the court finds that Debtor has shown cause to reopen this case under § 350(b).

**IT IS THEREFORE ORDERED** that Debtor's Motion to Reopen Case [Doc. # 61] be, and hereby is, **GRANTED,** and this case is hereby reopened; and

**IT IS FURTHER ORDERED** that no Trustee be appointed to administer assets, as any recovery would not be property of the bankruptcy estate; and

**IT IS FINALLY ORDERED** that Debtor must commence any proceedings to address Maumee

Valley Credit Unions's alleged violation of the discharge injunction entered in this case on or before **March 13, 2015**, absent which this case will be re-closed.[1]

###

---

[1] The hearing proceeding memo set a filing deadline of January 20, 2015, however, the order granting the motion was not timely entered and the case not reopened to permit filing by that deadline. Therefore a new deadline has been set by the court in this order. The court speaks through its written orders.

3

08-31969-maw    Doc 66    FILED 02/06/15    ENTERED 02/06/15 14:50:18    Page 3 of 3